IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICARDO VALDEZ, | ) | No. CIV. S-08-01978 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ONE UNKNOWN NAMED | ) | |
| MEDICAL TECHNICAL | ) | |
| ASSISTANT OF THE | ) | |
| CALIFORNIA STATE PRISON- | ) | |
| SACRAMENTO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915

On August 22, 2008, Plaintiff Ricardo Valdez proceeding pro se and

*in forma pauperis*, filed this prisoner civil rights complaint pursuant to 42 U.S.C.

§ 1983.  Valdez alleges that an unknown Defendant ("Jane Doe") at the Mule

Creek State Prison was deliberately indifferent to his serious medical needs.

Because there are several deficiencies with the complaint, it is DISMISSED

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), with leave granted to

amend.

## I.  BACKGROUND

On April 17, 2006, Valdez informed Officer Walker that he was having chest pains, shortness of breath, and that his hand was going numb.  He was placed in handcuffs and escorted down the hall, where he collapsed.  Valdez was taken to the infirmary on a gurney.  While en route, Valdez suffered a heart attack.

Valdez later discovered that there is a prison policy that is designed to ensure that there is a vehicle designated for transporting inmates from the Stand Alone Unit (where Valdez was housed) to the infirmary in cases of emergency.  Valdez alleges that Jane Doe told Sergeant Nielson that, although Valdez needed to be escorted due to an emergency, no transportation was available.  Valdez alleges that if Jane Doe had him transported via vehicle rather than on foot via gurney, he would have arrived at the infirmary faster and he would not have had a heart attack.  He seeks monetary damages in the sum on $150,000.

## II.  STANDARD OF REVIEW

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous, malicious, or fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

If the court determines that a pleading could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend a complaint before

dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir.

2000) (en banc).

      The court should not, however, advise the litigant how to cure the

defects.  This type of advice "would undermine district judges' role as impartial

decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203

F.3d at 1131 n.13 (declining to decide whether the court was required to inform the

litigant of deficiencies).

      A complaint must contain more than a "formulaic recitation of the

elements of a cause of action;" it must contain factual allegations sufficient to

"raise a right of relief above the speculative level."  Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than

. . . a statement of facts that merely creates a suspicion [of] a legally cognizable

right of action."  Id. (citation omitted).  In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question.

Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976).  The court must also

construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, as Valdez does in this action, the court has an obligation to construe the plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same).  "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

## III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Valdez claims that on April 17, 2006, Jane Doe acted with deliberate indifference to Valdez's serious medical needs in violation of the Eighth Amendment.

4

A.      Deliberate Indifference

        To state a claim for violation of the Eighth Amendment for failure to
provide medical care, a prisoner must show that prison officials acted with
deliberate indifference to his or her serious medical needs.  Estelle v. Gamble, 429
U.S. 97, 104 (1976).  Deliberate indifference requires that a prison official knows
of and disregards an excessive risk to inmate health.  Farmer v. Brennan, 511 U.S.
825, 837 (1994).  The official must both be aware of facts from which the
inference could be drawn that a substantial risk of serious harm exists and he must
also draw the inference.  Id.  Furthermore, a plaintiff must demonstrate that "failure
to treat a prisoner's condition could result in further significant injury or the
'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050,
1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller,
104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle, 429 U.S. at 104)

        "Deliberate indifference is a high legal standard."  Toguchi v. Chung,
391 F.3d 1051, 1060 (9th Cir. 2004).  Besides showing the "unnecessary and
wanton infliction of pain", plaintiffs must show (1) a purposeful act or failure to
respond to a prisoner's pain or possible medical need and (2) harm caused by the
indifference.  Jett v. Penner, 439 F. 3d 1091, 1096 (9th Cir. 2006) (citing Estelle,
429 U.S. at 104).  The harm need not be substantial, although "such would provide

additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Id. (citing Estelle, 429 U.S. at 104).

A delay in medical treatment, without more, is insufficient to state a claim of deliberate medical indifference. Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1059-60. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. Id. at 1060. Generally, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's action in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant. Id. at 1061.

Valdez appears to allege that if he was driven to the infirmary he would have arrived earlier and would not have suffered a heart attack. Valdez's allegations, however, do not show that Jane Doe was responsible for the lack of a vehicle to transport him to the infirmary, only that she informed Nielson that there was no transportation available. Nor does Valdez allege that, had a vehicle been available, Jane Doe decided not to allow it to be used to retrieve Valdez. Valdez,

6

in fact, admits that Jane Doe did not ignore his complaints.  Rather, Jane Doe

informed Nielson that there was no available vehicle to transport Valdez, so he was

taken immediately to the infirmary by gurney and treated.  These allegations do not

support a finding of deliberate indifference to Valdez's serious medical needs.

Moreover, Valdez fails to show that Jane Doe's action (or inaction)

was the proximate cause of his heart attack.  Although Valdez's heart attack

occurred en route, there is no allegation that the method of transportation caused

Valdez's heart attack, or that Jane Doe had any control over the method of

transport.  Valdez was, after all, on a gurney being taken to the infirmary; he was

not walking.  At most, the non-vehicular transport delayed Valdez's medical

treatment by twenty minutes.  Mere delay in medical treatment, however, is not

generally sufficient to demonstrate a deliberate indifference claim.  As alleged, the

complaint does not show that Jane Doe was responsible for the failure to provide

Valdez with a vehicle to reach the infirmary rather than a gurney, or that faster

transportation would have prevented his heart attack or lessened its effects.

Therefore, Valdez's claim against Jane Doe is DISMISSED, with leave to amend.[1]

---

[1]Additionally, Valdez's entire claim may be barred by the statute of
limitations.  The current limitations period for § 1983 actions in California is two
years.  Cal. Civ. Proc. § 335.1 (2006); see Jones v. Blanas, 393 F.3d 918, 927 (9th
Cir. 2004).  All of the events underlying Valdez's factual allegations occurred on
April 17, 2006, but Valdez did not file his complaint until August 22, 2008.

B.      Leave to Amend is Granted

        For the foregoing reasons, the complaint is DISMISSED for failing to

allege enough facts to sufficiently state a cause of action.  It is not certain,

however, that the complaint cannot be cured by amendment.  This dismissal is

therefore with leave granted to amend.

        If Valdez chooses to amend the complaint, he must cure the

deficiencies noted above and specifically demonstrate how the conditions

complained of resulted in a deprivation of his constitutional rights.  See Ellis v.

Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must also allege in specific

terms how specifically named defendants are involved.  There can be no liability

under 42 U.S.C. § 1983 unless there is some affirmative link or connection

between a defendant's actions and the claimed deprivation.  May v. Enomoto, 633

F.2d 164, 167 (9th Cir. 1980).  Vague and conclusory allegations of official

participation in civil rights violations are not sufficient to state a claim.  See Ivey v.

Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

        Valdez is informed that the Court cannot refer to a prior pleading in

order to make Valdez's amended complaint complete.  Local Rule 15-220 requires

an amended complaint be complete in itself without reference to any prior

pleading.  Furthermore, as a general rule, an amended complaint supercedes the

8

original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

Valdez files an amended complaint, similar to an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

C.     Failure to Name A Proper Defendant

        When a defendant's identity is unknown prior to filing a complaint,

the plaintiff should be given an opportunity through discovery to identify the

unknown defendants, unless it is clear that discovery would not uncover the

identities, or that the complaint would be dismissed on other grounds.  Wakefield

v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti,

629 F.2d 637, 642 (9th Cir. 1980)).  Because Valdez's complaint is dismissed for

failure to state a claim, discovery will not be permitted at this time.  If Valdez is

able to cure the deficiencies noted above by submission of an Amended Complaint,

the court will consider whether early discovery will be allowed to identify the

name of the Jane Doe Defendant.

D.     28 U.S.C. § 1915(g)

        Valdez is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner

may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if

the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

any facility, brought an action or appeal in a court of the United States that was

9

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

upon which relief may be granted, unless the prisoner is under imminent danger of

serious physical injury."  If Valdez is unable to amend the complaint to cure the

deficiencies enumerated in this order, this dismissal shall constitute a strike under

28 U.S.C. § 1915(g).

CONCLUSION

IT IS HEREBY ORDERED that:

(1) Valdez's complaint is DISMISSED for failure to state a claim.

See 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).  Specifically, he does not show how

the Defendant's action caused his injury nor does he name a proper defendant.

(2) Valdez is GRANTED thirty (30) days leave, as calculated from the

date this Order is filed, in which to file an amended complaint that cures the

deficiencies noted above.  The amended complaint must be complete in itself

without reference to the superseded pleading.  See Local Rules of the Eastern

District of California, LR 15-220.  Defendants not named and any claims not

re-alleged in the amended complaint will be deemed to have been waived.  See

King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

(3) If the amended complaint fails to state a claim upon which relief

may be granted, it may be dismissed without further leave to amend and may

10

hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  See McHenry, 84 F.3d at 1177-79.

(4) If Valdez fails to file an amended complaint within the time granted, this complaint and action SHALL BE AUTOMATICALLY DISMISSED and shall be counted as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court is directed to mail a form § 1983 complaint to Valdez.

DATED:  Honolulu, Hawaii, August 26, 2009.



_____
David Alan Ezra
United States District Judge


Valdez v. Unknown, No. CIV. S-08-01978 DAE; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915