IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICARDO VALDEZ, | ) | No. CIV. S-08-01978 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CORRECTIONAL OFFICERS | ) | |
| WALKER, GUFFEE AND VORON, | ) | |
| et al., and CSP-SACRAMENTO | ) | |
| MEDICAL CLINICIANS | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER AND ORDER DISMISSING IN PART PLAINTIFF'S
AMENDED COMPLAINT

On September 11, 2009, Plaintiff Ricardo Valdez proceeding pro se

and *in forma pauperis* filed this amended complaint pursuant to 42 U.S.C. § 1983.

The amended complaint states a cognizable claim for relief pursuant

to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  Plaintiff's Fifth Amendment and

Fourteenth Amendment claims are DISMISSED; Plaintiff's Eight Amendment

claim remains.  If the allegations of the amended complaint are proven, Plaintiff

has a reasonable opportunity to prevail on the merits of this action.

## I.  BACKGROUND

This matter involves a series of alleged incidents in which requests for medical attention made by Plaintiff Ricardo Valdez were "undermined as minimal, ignored, and deliberately delayed" over the course of approximately one year's time.  (Doc. # 12 at 3.)  Plaintiff is an inmate at the Mule Creek State Prison. Plaintiff's Amended Complaint centers on an April 17, 2006 event, when Plaintiff informed Defendant Walker sometime in the morning that he was experiencing severe chest pains and needed to see the medical clinicians.  (Id. at 4.)  According to Plaintiff, Walker informed Plaintiff that Walker would call for help, but instead never returned.  (Id.)  At approximately 12:30 pm that day, Plaintiff notified two other officers not party to this case that he was experiencing numbness in his arm and hand.  (Id.)  Plaintiff was placed in handcuffs and escorted down the hall, where he collapsed.  (Id. at 4-5.)  Plaintiff was taken to the infirmary on a gurney, given pain medication, and released.  (Id. at 5.)

Plaintiff also alleges that sometime prior to the April 17, 2006 event, Plaintiff notified Defendants Guffee and Voron that he was experiencing chest pains.  (Id. at 3-4.)  According to Plaintiff, Guffee told Plaintiff to wait for the routine medical walkthrough, which would have been in approximately three hours, and Voron replied "You're not dead, so you can wait" when Plaintiff

2

protested the three hour wait.  (Id. at 4.)  Plaintiff also alleges that Defendants

continued to neglect his medical needs through February 2007.  (Id. at 5.)  In

particular, Plaintiff alleges that he suffered a massive heart attack that required

surgery in February 2007.  (Id. Ex. A.)

On August 22, 2008, Plaintiff filed the original complaint, alleging

that a "Jane Doe" was deliberately indifferent to his serious medical needs when

she used a gurney instead of vehicle transportation.  (Doc. # 1.)  In an Order filed

on August 26, 2009, this Court dismissed the Complaint with leave to amend.

(Doc. # 11).  The Court determined that Plaintiff failed to raise a claim for

deliberate indifference under the Eighth Amendment as to Jane Doe.  (Id. at 5-8.)

Plaintiff was granted 30 days within which to file an amended complaint.

On September 11, 2009, Plaintiff filed this Amended Complaint.

(Doc. # 12.)  The Amended Complaint again alleges that Plaintiff's Fifth, Eight,

and Fourteenth Amendment rights were violated and seeks compensation pursuant

to 42 U.S.C. § 1983.

The Court notes that the facts presented in Plaintiff's Amended

Complaint differ significantly from, although do not directly contradict, the facts in

the original complaint.  There is no mention of the individual who might have been

"Jane Doe" in the original complaint, and the allegation that Plaintiff's rights were

violated when a gurney, instead of a vehicle, was used to transport him has been

omitted from the Amended Complaint.  At this juncture, the Court reads the facts

in the Amended Complaint in the light most favorable to Plaintiff.  Although

Plaintiff's arguments are not entirely clear, it appears to this Court that the

information and alleged harm proffered by Plaintiff in the Amended Complaint are

further evidence of a pattern of alleged indifference leading up to and resulting

from the April 17, 2006 incident originally pled.

## II.  <u>STANDARD OF REVIEW</u>

The court is required to screen complaints brought by prisoners

seeking relief against a governmental entity or an officer or an employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if a plaintiff raises claims that are legally frivolous, malicious, or

fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief.  <u>Id.</u> § 1915A(b)(1)-(2).  If the

court determines that a pleading could be cured by the allegation of other facts, a

pro se litigant is entitled to an opportunity to amend a complaint before dismissal

of the action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en

banc).

The court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform the litigant of deficiencies).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, as Plaintiff does in this action, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003).

5

## III.  DISCUSSION

A.   Eighth Amendment Claim

To state a claim for violation of the Eighth Amendment for failure to provide medical care, a prisoner must show that prison officials acted with deliberate indifference to his or her serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Deliberate indifference requires that a prison official knows of and disregards an excessive risk to inmate health.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.  Id.  Furthermore, a plaintiff must demonstrate that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle, 429 U.S. at 104)

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  Besides showing the "unnecessary and wanton infliction of pain," plaintiffs must show:  (1) "a purposeful act or failure to respond to a prisoner's pain or possible medical need"; and (2) "harm caused by the indifference."  Jett v. Penner, 439 F. 3d 1091, 1096 (9th Cir. 2006) (citing

Estelle, 429 U.S. at 104).  The harm need not be substantial, although "such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Id. (citing Estelle, 429 U.S. at 104).

A delay in medical treatment, without more, is insufficient to state a claim of deliberate medical indifference.  Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The delay in medical treatment must be harmful, although there is no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1059-60.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry.  Id. at 1060.  Generally, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's action in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant."  Id. at 1061.

In this case, Plaintiff asserts two instances that could be interpreted as demonstrating deliberate indifference.  First, sometime in April 2006, Guffee and Voron allegedly made Plaintiff wait approximately three hours before responding to severe chest pains, and Voron rebuffed Plaintiff's request for treatment by stating "You're not dead, so you can wait."  (Am. Compl. at 3-4.)  These facts, if

taken as true, demonstrate that Defendants Voron and Guffee were aware that the

potential for harm existed and then purposefully failed to timely respond.  Second,

on April 17, 2006, Walker allegedly was informed of Plaintiff's chest pains in the

morning but then walked away without securing medical attention for Plaintiff.

(Id. at 4.)  No medical clinicians responded.  (Id.)  If true, these facts could

demonstrate that Walker was aware of Plaintiff's condition but then did not

respond.  Plaintiff appears to claim that these two incidents resulted in pain and a

worsening of a heart condition that resulted in the February 2007 heart attack.

Plaintiff's allegation of an Eight Amendment violation does not

appear frivolous under these facts as construed liberally by the Court.  As pled, the

Amended Complaint does not warrant dismissal by the Court at this time.[1]

B.    Fifth and Fourteenth Amendment Claims

Plaintiff has failed to state a claim or allege any facts of a violation of

the Fifth and Fourteenth Amendments.  Accordingly, these claims are

DISMISSED.

---

[1] The Court notes that Plaintiff's entire claim may be barred by the statute of limitations.  The current limitations period for section 1983 actions in California is two years.  Cal. Civ. Proc. § 335.1 (2006); see Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  The event underlying Plaintiff's Amended Complaint span from April 2006 through February 2007.  Plaintiff filed his original complaint on August 22, 2008, but at that time Plaintiff only submitted factual allegations pertaining to the April 17, 2006 event.

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's Fifth and Fourteenth Amendment claims are DISMISSED.  Plaintiff's Eight Amendment claim remains.

2.  Service is appropriate for the following Defendants: Officer Walker, Officer Guffee, and Officer Voron.

3.  The Clerk of the Court shall send Plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed September 11, 2009.

4.  Within thirty days from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

a.  The completed Notice of Submission of Documents;

b.  One completed summons;

c.  One completed USM-285 form for each defendant listed in number 2 above; and

d.  Four copies of the endorsed amended complaint filed September 11, 2009.

9

    5.  Plaintiff need not attempt service on Defendants and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.


    DATED:  Honolulu, Hawaii, October 5, 2009.



_____
David Alan Ezra
United States District Judge



Valdez v. Walker et al., No. CIV. S-08-01978 DAE;  ORDER AND ORDER DISMISSING IN PART PLAINTIFF'S AMENDED COMPLAINT