IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VALDEZ,  )<br>  )<br>   Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>CORRECTIONAL OFFICERS  )<br>WALKER, GUFFEE AND VORON, )<br>et al., and CSP-SACRAMENTO  )<br>MEDICAL CLINICIANS  )<br>  )<br>   Defendant.  )<br>_____ ) | No. CIV. S-08-01978 DAE |

ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS AND DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL

On August 22, 2008, Plaintiff Ricardo Valdez ("Plaintiff"), proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1.) On the same day, Plaintiff filed an Application to proceed in forma pauperis. (Doc. # 2.) The Court granted Plaintiff's in forma pauperis application on January 8, 2009. (Doc. # 10.) On April 27, 2011, Plaintiff filed the instant Motion ("Motion") for Leave to Proceed In Forma Pauperis and for Appointment of Counsel. ("Mot.," Doc. # 38.)

Plaintiff's Motion requests the Court "for an order permitting him to file this action in forma pauperis without pre-payment of fees and cost or security

thereof . . . ." (Mot. at 1.) Because the Court already granted Plaintiff <u>in forma pauperis</u> status on January 8, 2009, the Court DENIES AS MOOT his current Motion for leave to proceed <u>in forma pauperis.</u>

Plaintiff, in his Motion, also requests that the Court appoint him counsel because of his exceptional circumstances, his likelihood of success on the merits, his substantial efforts to obtain representation, and his low income. (Mot. at 2.) Plaintiff argues that he has limited education, reading, and writing skills, that his access to the law library is limited, and that his claims are complex. (Mot. at 2, 5.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). District courts are granted discretion to appoint counsel, but this discretion is generally exercised only in "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335–36 (9th Cir. 1990); <u>see</u> 28 U.S.C. § 1915(e)(1). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." <u>Terrell</u>, 935 F.2d at 1017 (citations omitted).

2

To date, Plaintiff has been able to present his claims against Defendants in an adequate manner in both the Complaint and Amended Complaint, and the Court does not find the required exceptional circumstances warranting appointment of counsel at this time. Plaintiff's request for appointment of counsel is therefore DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 24, 2011.

_____
David Alan Ezra
United States District Judge

Valdez v. Walker et al., No. CIV. S-08-01978 DAE; ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL